1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

GRAYDON G. COLLINS, et al.,

Defendant.

CASE NO. C04-829JLR

ORDER

## I.   INTRODUCTION

This matter comes before the court on Defendants' motions to dismiss for lack of subject matter jurisdiction (Dkt. ## 29, 37, 46),[1] Plaintiff's motion for summary judgment (Dkt. # 17), and Defendants' motions to vacate judgment (Dkt. ## 47, 48, 49).[2]  Having considered all of the papers filed in connection with these motions, the court DENIES Defendants' motions to dismiss for lack of subject matter jurisdiction (Dkt. ## 29, 37, 46), GRANTS Plaintiff's motion for summary judgment (Dkt. # 17), and DENIES Defendants' motions to vacate judgment (Dkt. ## 47, 48, 49).

---

[1]Defendants Graydon G. Collins, Lynne A. Webb-Collins, Lila M. Webb, and Cheryl Webb each filed motions to dismiss in the present action, raising substantially similar arguments. The court will consider them together and evaluate all of the arguments raised in them.

[2]Defendants Cheryl Webb, Lila Webb and Lynne Webb also filed duplicate motions to vacate judgment which the court considers together.

ORDER – 1

## II.    BACKGROUND

Plaintiff United States filed suit against Defendants Graydon G. Collins ("Collins") and Lynne A. Webb-Collins (collectively the "Collinses") seeking unpaid tax liabilities and to foreclose federal tax liens upon their real property, a parcel of land including a manufactured home.  Defendants Lila M. Webb and Cheryl Webb are parties to this action who may claim interest in the property sought to be foreclosed under 26 U.S.C. § 7403(b).  Defendants are appearing before the court *pro se* and challenge the Internal Revenue Service's ("IRS") tax assessments against them and its effort to foreclose upon their real property.

The IRS alleges that the Collinses did not pay taxes for seven of the eight years from 1989 through 1996.  In 1995, the United States Tax Court found the Collinses liable for unpaid income tax and penalties for tax years 1989, 1991, and 1992, which the IRS currently assesses at $58,574.63.  Additionally, when Collins failed to file federal income tax returns for the tax years 1993 through 1996, the IRS prepared "substitutes for return" based on bank records, other financial data and state tax returns currently totaling $221,040.96 in unpaid taxes.  The IRS also penalized Collins $500 for filing a frivolous return for his 1992 tax year.

On September 3, 1995, the Collinses obtained a parcel of property located in Snohomish County, Washington.  They granted a Deed of Trust to Washington Mutual Bank to secure a loan in the amount of $117,000, and issued a "promissory note" to Lila M. Webb for the amount of $115,000 plus interest.  On March 6, 1997 and December 14, 1998, the IRS recorded Notices of Federal Tax Lien against all of the Collinses' property for their failure to pay taxes in the years 1989, 1991, and 1992 and for Collins' failure to pay taxes in the years 1992 through 1996.

ORDER – 2

1
2
3
4
5
6
7
8

Defendants seek dismissal of this action, arguing that this court lacks subject matter jurisdiction because the court's judicial power was not properly invoked and the Government's action was not sufficiently authorized.  The Government, on the other hand, moves for summary judgment arguing that there are no genuine issues of material fact regarding the Collinses' tax liability and that it is entitled to foreclose on the federal tax liens.  In response, Defendants argue in part that opposing counsel has committed mail fraud and extortion by pursuing this action.

9

### III.    DISCUSSION

10

**A.    Legal Standard**

11
12
13
14
15
16
17
18
19
20
21
22
23

 A motion to dismiss under Fed. R. Civ. P. 12(b)(1) questions whether the court has subject matter jurisdiction over the action before it.[3]  A defendant may challenge jurisdiction on the face of the pleadings or by presenting extrinsic evidence.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  Plaintiff bears the burden of proving that jurisdiction exists.  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  When resolving jurisdiction depends on the merits of a case, the court must "assume[ ] the truth of the allegations in a complaint . . . unless controverted by undisputed facts in the record."  Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).  The court, however, need "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  Id. (citation omitted).

24
25

26
27
28

        [3]Although Defendants' motion to dismiss was filed subsequent to Plaintiff's motion for summary judgment, Article III requires federal courts to determine subject matter jurisdiction before considering the merits of a case.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999).

ORDER – 3

1    Summary judgment is appropriate when the moving party demonstrates that there

2    is no genuine issue as to any material fact and that the moving party is entitled to

3    judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The party moving for summary

4    judgment "bears the initial responsibility of informing the district court of the basis for its

5    motion, and identifying those portions of 'the pleadings, depositions, answers to

6    interrogatories, and admissions on file, together with the affidavits, if any,' which it

7    believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v.

8    Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

9

10    Once the moving party meets its initial responsibility, the burden shifts to the non-

11    moving party to establish that a genuine issue as to any material fact exists.  Matsushita

12    Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Evidence

13    submitted by a party opposing summary judgment is presumed valid, and all reasonable

14    inferences that may be drawn from that evidence must be drawn in favor of the non-

15    moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The non-

16    moving party cannot simply rest on its allegation without any significant probative

17    evidence tending to support the complaint.  See U.A. Local 343 v. Nor-Cal Plumbing,

18    Inc., 48 F.3d 1465, 1471 (9th Cir. 1995).  "[A] complete failure of proof concerning an

19    essential element of the non-moving party's case necessarily renders all other facts

20    immaterial."  Celotex, 477 U.S. at 322-23.

21

22 **B.    Defendants' Motions to Dismiss**

23    In reviewing the pleadings, the court finds that the Government has properly

24    invoked the court's subject matter jurisdiction.  The Government filed suit under 26

25    U.S.C. §§ 7401 and 7403 to collect unpaid taxes and enforce a lien on Defendants'

26    property.  Compl. at 1.  Commencing an action under any act of Congress providing for

27    internal revenue is generally sufficient to invoke the district court's jurisdiction unless the

28

ORDER – 4

1    Court of International Trade has jurisdiction.  28 U.S.C. § 1340.  Further, unless

2    Congress provides otherwise, the district court has jurisdiction over all civil actions, suits

3    or proceedings commenced by the Government.  28 U.S.C. § 1345.   Additionally, the

4    Internal Revenue Code grants the district court jurisdiction to enforce the internal revenue

5    laws.  26 U.S.C. § 7402.  In its complaint, the Government specifically references these

6    provisions and provides sufficient facts to support its claims.[4]  Thus, the court has subject

7    matter jurisdiction over the present action.

8

9        Although Defendants argue that this action was not authorized by delegates of the

10   Attorney General and the Secretary of Treasury, the court finds that the Government

11   satisfied the necessary procedural requirements prior to filing suit.  First, Defendants fail

12   to produce any evidence that contradicts the presumption of regularity that usually

13   attaches to official acts of public officers.  Palmer v. United States, 116 F.3d 1309, 1311

14   (9th Cir. 1997).  Without clear evidence to the contrary, the court presumes that public

15   officers properly discharge their official duties.  United States v. Chemical Foundation,

16   272 U.S. 1, 14-15 (1926).  Second, the Government has submitted two letters

17   demonstrating its authorization to file suit.  Under 26 U.S.C. § 7401, no action for the

18   recovery of taxes, penalties, or forfeitures can be initiated unless the Secretary of the

19   Treasury authorizes it and the Attorney General orders it to be commenced.  Here, the

20   Office of the Chief Counsel of the IRS requested that the Assistant Attorney General

21   bring an action against the Collinses reducing their outstanding tax liabilities to judgment

22

23

24       [4]Although Defendants argue that merely citing to a statute without factual support is
25   insufficient to invoke the court's subject matter jurisdiction, the court finds that the Government
     alleges sufficient facts to invoke this court's subject matter jurisdiction.  Further, in ruling on a
26   motion to dismiss, the court must "assume [ ] the truth of the allegations in a complaint . . . unless
     controverted by undisputed facts in the record."  Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th
27   Cir. 1987).  The Defendants have failed to provide the court with any facts disputing their alleged
28   failure to pay taxes, the amount of taxes owed and the Government's lien against their property.

ORDER – 5

1   and foreclosing the federal tax liens.  Auchterlonie Suppl. Decl., Exh. A.  Consequently,

2   the United States Attorney for the Western District of Washington initiated the present

3   action in this court.  Id., Exh. B.  These letters sufficiently demonstrate that the

4   Government satisfied the statutory prerequisites.  See Palmer, 116 F.3d at 1311 (two

5   letters demonstrating the delegation of authority to commence suit to recover unpaid taxes

6   was sufficient to satisfy the statutory requirements).  Therefore, the court DENIES

7   Defendants' motions to dismiss and finds that this action is properly authorized under 26

8   U.S.C. § 7401.

9

10  **C.      Plaintiff's Motion for Summary Judgment**

11          The Government contends that summary judgment is appropriate because there are

12  no genuine issues of material fact regarding the Collinses' unpaid taxes, penalties, and

13  interest, and the Government's entitlement to foreclose on their real property.  While the

14  Collinses dispute the authenticity and trustworthiness of the Government's documents,

15  they fail to bring forward sufficient evidence to create a genuine issue of fact.[5]  For

16  example, they do not argue that they owe less than the $280,115.59 in tax liabilities

17  assessed by the IRS.[6]  Instead, the Collinses assert that the Federal Rules of Evidence

18  preclude the court's admission of documents relied on by the Government to quantify

19  their tax liability.

20

21

22  _____

23      [5]Although Webb-Collins' opposition to the motion for summary judgment was late, the
24  court will consider it based on the court's obligation to construe pleadings from *pro se* parties
    liberally.

25
26      [6]The court recognizes that $58,574.63 of this amount stems from the Collinses' unpaid
    taxes in 1989, 1991 and 1992, which the United States Tax Court previously adjudicated.
27  Defendants are barred from relitigating their liability for these years under *res judicata*.  In re
    Baker, 74 F.3d 906, 910 (9th Cir. 1996) (following the litigation of a taxpayer's liability, *res
28  judicata* bars any subsequent proceedings regarding the same claim and tax year).

ORDER – 6

### 1. The Collinses Are Indebted to the Government for Unpaid Taxes, Penalties, and Interest.

The Collinses argue that a substantial portion of the exhibits submitted by the Government are not properly authenticated. Def.'s Resp. at 3. In ruling on a motion for summary judgment, a trial court can only consider admissible evidence. Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179, 1181 (9th Cir. 1988). Whether a document is sufficiently authenticated rests in the sound discretion of the district court. Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1011 (9th Cir. 1997). Fed. R. Evid. 901(a) requires "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). The documents submitted by the Government include certified copies of Forms 4340, a certified deed of trust, documents relating to the 1995 United States Tax Court decision, an IRS letter, Collins' 1040 form, and documents on file with the Snohomish County Auditor's Office. While the Collinses generally object to the authenticity of the submitted documents, they focus particularly on the IRS' computer-generated data. The Form 4340 documents, which the Government used to substantiate the Collinses' tax liability, were generated under seal and signed by an authorized delegate of the Secretary of the Treasury. These forms are admissible as self-authenticating official records of the Government. Hughes v. United States, 953 F.2d 531, 539-40 (9th Cir. 1992); Fed. R. Evid. 902(1). The IRS computer records, also used in connection with the examination of Collins' tax liability, are properly authenticated. The IRS agent who conducted the examination has submitted a declaration stating she has personal knowledge of the exhibits and that they are what the Government claims. Therefore, the documents are properly authenticated under Fed. R. Evid. 901. Based on this evidence, the court finds that the documents submitted by the Government are properly authenticated and admissible as evidence.

ORDER – 7

The Collinses also contend that the supporting documents submitted by the Government are not "trustworthy" business records under Fed. R. Evid. 803(6). In support of this contention, they submit a 1996 Government Accountability Office report that criticizes the IRS computer system as lacking sufficient safeguards to prevent unauthorized browsing or modifications to taxpayer information. Yet, other courts have found that IRS Forms 4340 are considered trustworthy as they carry a presumption of correctness.[7] E.g., Hughes, 953 F.2d at 540. In challenging the reliability of the Forms 4340, the Collinses must demonstrate deficiencies such as errors in tax accounts or any existing or potential problems with the Master File system used to record assessments of income. United States v. Burdine, 205 F. Supp. 2d 1175, 1179 (W.D. Wash. 2002). If deficiency determinations and assessments for unpaid taxes are supported by a minimal factual foundation, the burden of proof shifts to the taxpayer to demonstrate that the determination is incorrect. Palmer, 116 F.3d at 1312. In objecting to the motion for summary judgment, the Collinses have not presented any information documenting any unauthorized modifications or access to their IRS taxpayer records. Given the type of the documents at issue and considering the lack of specific challenges to their trustworthiness, the court admits them into evidence.

Taking the facts in the light most favorable to the Collinses, the court finds that no genuine issues of material fact exist regarding the amount of income tax they owe. The Government submitted substantial, detailed analyses demonstrating that the Collinses owe $58,574.63 for the years 1989 through 1992, and that Collins owes $221,040.96 for the years 1993 through 1996, plus $500 for a frivolous tax return in 1992. Compl. at 3-4;

---

[7]Further, these documents are supported by a declaration from the IRS agent who examined Collins' tax liability.

ORDER – 8

1   Auchterlonie Decl., Exhs. A-C, H-L.  While Defendants dispute the authenticity and

2   trustworthiness of the documents submitted by the IRS, they fail to present any evidence

3   creating a genuine issue of material fact.  Celotex, 477 U.S. at 324; Anderson, 477 U.S. at

4   256.  Thus, the court finds that the Collinses owe the Government $280,115.59 in unpaid

5   taxes, penalties, and interest.

6

7   **2.      The Government is Entitled to Foreclose on the Collinses' Real Property.**

8   If a person neglects or refuses to pay taxes after receiving a demand for payment,

9   the Government automatically receives a lien on all property (real or personal) belonging

10  to the taxpayer in the amount of the unpaid taxes.  26 U.S.C. § 6321.  The Government

11  may enforce the lien by commencing an action in district court, joining all parties with an

12  interest in the property to the action, and obtaining a court-ordered sale of the property.

13  26 U.S.C. § 7403; United States v. Rodgers, 461 U.S. 677, 691-92 (1983) (holding §

14  7403 grants power to a federal district court to order the sale of a delinquent taxpayer's

15  home).

16

17  Here, Defendants do not challenge the Government's tax lien on their property,

18  rather they contend that a promissory note held by Lila Webb takes priority over the

19  Government's interest.[8]  In response, the Government correctly argues that Webb's

20  promissory note fails to create a lien interest in the subject property because it is neither a

21  deed of trust nor secured by a deed of trust.  The Webb's promissory note obligates the

22  Collinses to pay her $115,000 "upon sale of property."  Auchterlonie Decl., Exh. P.

23  Although the promissory note's payment is contingent on the Collinses' sale of the

24

25

26  ───────────────

27  [8]Although Defendants fail to raise this argument in opposition to summary judgment, the
    court addresses it based on the allegations contained in Defendants' answer and its obligation to
28  "finally determine the merits of all claims to and liens upon the property."  26 U.S.C. § 7403(c).

ORDER – 9

property, it is not a deed of trust because it fails to create an interest in a third-party trustee. RCW §§ 61.24.005, 61.24.010, 61.24.020.  A promissory note without a deed of trust is an unsecured debt.  See Metro. Mortgage & Sec. Co. v. Becker, 825 P.2d 360, 363 (Wash. Ct. App. 1992).  Thus, Webb's promissory note fails to create an enforceable lien interest in Defendants' real property.  The court orders the sale of Defendants' real property and distributes the sale proceeds first to the allowed costs of sale, second to Washington Mutual Bank to satisfy the balance of the deed of trust on the property, and third to the United States to satisfy the Collinses' unpaid tax liabilities.  See 26 U.S.C. § 6323 (establishing priority of lien interests).

**D.      Defendant's Allegations of Extortion and Mail Fraud and Motion to Strike**

In response to the Government's motion for summary judgment, Collins filed a counter-motion arguing that the Government failed to identify its authority for imposing taxes on him and that its counsel has committed extortion and mail fraud by pursuing this action.[9]  To the extent that Collins challenges the Government's authority to collect income tax, the court notes that "[f]or over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States . . . ."  In re Becraft, 885 F.2d 547, 548-49 (9th Cir. 1989) (citations omitted).

With regard to the extortion and mail fraud allegations, raised for the first time in opposition to summary judgment, Collins argues that opposing counsel filed documents that she knew were false.  Without providing any specific facts, Collins essentially

---

[9]Although Defendants' "Reply to Jennifer D. Auchterlonie's Reply" is essentially an improper and untimely surreply under Local Rule CR 7(g), the court will consider it based on the court's obligation to construe pleadings from *pro se* parties liberally.

ORDER – 10

1
2
3
4
5
6
7
8
9
10

challenges the Government's authority to assess a tax based on statistical data gleaned from unrelated taxpayers. This challenge, however, lacks merit as "[c]ourts have long held that the IRS may rationally use statistics to reconstruct income where taxpayers fail to offer accurate records." Palmer, 116 F.3d at 1312. Appropriate reconstruction methods include using the cost-of-living statistics for a particular locale or average local income statistics for a particular profession. Id. Here, the IRS relied on Collins' bank records and Washington State tax returns rather than the potentially less reliable general statistical extrapolations. Johnson Decl. ¶ 3. Thus, the court DENIES Collins' counter-motion for summary judgment on both grounds.

11
12
13
14
15
16
17

Collins also moves to strike opposing counsel's use of the phrase "although not altogether clear" to describe his pleadings, as both "condescending" and a "thinly veiled personal attack on [his] intelligence." Def.'s Surreply at 8. However, the court finds that opposing counsel's characterization of Defendants' arguments was not motivated by personal animus but rather an attempt to summarize the many arguments before the court. The court DENIES Collins' motion to strike.

18

**E.    Defendants' Motion to Vacate Judgment**

19
20
21
22
23
24

Defendants seek to vacate four prior decisions of the Fifth, Seventh, Ninth, and Eleventh Circuits.[10] Defendants' motion is improper because Fed. R. Civ. P. 60(b)(4) only applies to judgments entered in the present case. Further, district courts cannot vacate decisions entered by the circuit courts of appeal. Therefore, the court DENIES Defendants' motion to vacate.

25
26
27
28

[10]Defendants seek to vacate Parker v. Commissioner, 742 F. 469 (5th Cir. 1984); Lovell v. United States, 755 F.2d 517 (7th Cir. 1984); United States v. Romero, 640 F.2d 1014 (9th Cir. 1981); and United States v. Ward, 833 F.2d 1538 (11th Cir. 1987), for allegedly contravening the Constitutional mandate requiring adherence to precedent and for serving as an affront to the ideals of due process.

ORDER – 11

1

**IV.   CONCLUSION**

2

The court DENIES Defendants' motions to dismiss for lack of subject matter

3

jurisdiction (Dkt. ## 29, 37, 46), GRANTS Plaintiff's motion for summary judgment

4

(Dkt. # 17), and DENIES Defendants' motions to vacate judgment (Dkt. ## 47, 48, 49).

5

The court orders the sale of Defendants' property under 26 U.S.C. § 7403(c).

6

Dated this 2nd day of August, 2005.

7

8

9

JAMES L. ROBART
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 12